# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class BRANDEN G. WHITFIELD**
**United States Army, Appellant**

ARMY 20110578

Headquarters, 3rd Infantry Division and Fort Stewart
Tiernan P. Dolan, Military Judge
Lieutenant Colonel John S. Frost, Acting Staff Judge Advocate (pretrial)
Lieutenant Colonel Kent Herring, Acting Staff Judge Advocate (recommendation)
Colonel Randall J. Bagwell, Staff Judge Advocate (addendum)

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Robert A. Feldmeier, JA (on brief).

For Appellee: Major Robert A. Rodrigues, JA; Major Katherine S. Gowel, JA; Captain T. Campbell Warner, JA (on brief).

30 September 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of disrespect to a non-commissioned officer, extortion, and two specifications of assault consummated by battery in violation of Articles 91, 127, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 927, 928 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and confinement for fourteen months. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence extending to a bad-conduct discharge and confinement for two hundred seventy days. The convening authority also credited appellant with 187 days of confinement credit against the sentence to confinement. This case is now before this court for review under Article 66, UCMJ.

Appellant raises four assignments of error. Two of these alleged errors, regarding Article 12, UCMJ, confinement credit and an improvident plea to Charge

III and its Specification, are without merit. A third, alleging improper modification of a convening authority action, has merit and warrants relief. Our relief, which sets aside the convening authority's action and returns the case for a new staff judge advocate recommendation and action, makes appellant's fourth assignment of error regarding dilatory post-trial processing premature for this court's resolution.

**DISCUSSION**

Appellant's trial concluded on 11 July 2011. On 25 July 2011 and effective that date, the convening authority approved a two month waiver of the automatic forfeiture of all pay and allowances required by Article 58b, UCMJ. Because of the significant amount of confinement credit awarded appellant, he was released from confinement on 1 September 2011 after serving fifty-three days. On 26 October 2011, appellant's defense counsel submitted post-trial matters pursuant to Rules for Court-Martial [hereinafter R.C.M.] 1105 and 1106, requesting that the convening authority disapprove the adjudged bad-conduct discharge or, in the alternative, waive an additional four months of forfeitures. However, this latter requested relief was meaningless because appellant was already out of confinement, and, therefore, there were no automatic forfeitures subject to waiver. R.C.M. 1101.*

On 26 September 2011, the staff judge advocate recommended that the convening authority approve the extended waiver of automatic forfeitures. Consistent with the staff judge advocate's recommendation, on 22 November 2011, the convening authority approved an extended waiver of automatic forfeitures from two to six months – an action which, as previously noted, had no meaningful effect because appellant had already been released from confinement. Afterwards, in an apparent attempt to eliminate the meaningless and potentially confusing waiver extension, the convening authority signed a modified action on 9 January 2012 ordering that automatic forfeitures be waived for only two months. This modified action was then published in a new promulgating order.

Appellant now alleges that the convening authority violated R.C.M. 1107(f)(2) by modifying an already-published action with an action less favorable to appellant. Appellant argues this second action is impermissible and the modified action must be set aside for a new staff judge advocate recommendation and convening authority action. The government counters that because appellant did not serve confinement for more than two months, any action waiving automatic forfeitures for more than two months was a legal nullity and therefore in appellant's case, modifying a six month waiver to two months was not less favorable. However, the government also concedes that the convening authority's action extending the

---

* R.C.M. 1101(d) discussion: "Forfeitures resulting by operation of law, rather than those adjudged as part of a sentence, may be waived for six months or for the duration of the period of confinement, whichever is less."

waiver of forfeitures to six months shows that he intended to grant some form of clemency, and therefore, a new staff judge advocate recommendation and action are appropriate.

Without presuming the intent of the convening authority or deciding whether or not the convening authority's modified action was actually less favorable to appellant, we nonetheless grant the request of both the defense and government to remand this case for a new staff judge advocate recommendation and action. We do so because it has been requested by both parties and it is apparent under the facts in this case, that both the defense counsel's relief request in his R.C.M. 1105 submission and the staff judge advocate's addendum led to an uninformed and ambiguous recommendation to the convening authority for his clemency consideration.

## DECISION

The convening authority's action, dated 9 January 2012, is set aside, except for that portion of the action withdrawing the convening authority's initial action dated 22 November 2011. The record of trial is returned to The Judge Advocate General for a new staff judge advocate recommendation and a new action by the same or different convening authority in accordance with Article 60(c)-(e), UCMJ.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court